RENDERED:  JUNE 30, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1495-MR

APEX FUND SERVICES AS
CUSTODIAN FOR CERES TAX
RECEIVABLES, LLC                                                APPELLANT


                              APPEAL FROM CLAY CIRCUIT COURT
v.                            HONORABLE OSCAR G. HOUSE, JUDGE
                              ACTION NO. 18-CI-00173


KEITH SMITH; JESSICA SMITH;
AND COMMONWEALTH OF
KENTUCKY – CLAY COUNTY                                          APPELLEES


                              OPINION
                        REVERSING AND REMANDING

                           ** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; GOODWINE AND TAYLOR,
JUDGES.

THOMPSON, CHIEF JUDGE:  Apex Fund Services as custodian for Ceres Tax

Receivables, LLC, appeals from an order of the Clay Circuit Court which gave

Keith and Jessica Smith, holders of liens for delinquent real estate *ad valorem*

taxes, priority on the distribution of proceeds from a judicial sale. We find that the trial court erred and reverse and remand.[1]

## FACTS AND PROCEDURAL HISTORY

Apex, the Smiths, and Clay County all have liens on a parcel of property stemming from delinquent *ad valorem* property taxes. Apex and the Smiths were third-party purchasers of the delinquent taxes pursuant to Kentucky Revised Statutes (KRS) 134.128. Apex initiated a foreclosure action on the subject property seeking a judicial sale in order to satisfy their claim for the delinquent taxes. The Smiths then filed a cross-claim asserting their rights to the proceeds of the judicial sale.

An order of sale was entered which allowed the property to be sold to satisfy the tax liens. The Smiths moved to alter or amend the order and argued that their lien was superior in priority to that of Apex because the delinquent taxes they bought were filed prior to those purchased by Apex. The Smiths sought to fully satisfy their lien first before any proceeds were awarded to Apex. The trial court agreed with the Smiths' argument and granted the motion to give priority to the Smiths' tax lien. This appeal followed.[2]

---

[1] Clay County filed a brief in this case, but took no position on the issues on appeal.

[2] The property was sold, but the proceeds did not satisfy all the liens of Apex, the Smiths, and Clay County.

## ANALYSIS

After reviewing the record and the arguments of the parties, we conclude that the trial court erred in giving the Smiths' tax lien priority over that of Apex. KRS 134.420, the delinquent real estate *ad valorem* tax statute, states in pertinent part:

> (3) The lien shall include all interest, penalties, fees, commissions, charges, costs, attorney fees, and other expenses as provided by this chapter that have been incurred by reason of delinquency in payment of the tax claim certificate of delinquency, personal property certificate of delinquency, or in the process of collecting any of them, **and shall have priority over any other obligation or liability for which the property is liable**.
>
> (4) The lien of any city, county, or other taxing district shall be of equal rank with that of the state.

(Emphasis added.) KRS 134.420(3) and (4) have been interpreted to mean that all liens stemming from delinquent real estate *ad valorem* taxes, including those purchased by a third party, are equal in priority to each other. *KLAS Properties, LLC v. Tax Ease Lien Investments 1, LLC*, 407 S.W.3d 564, 567 (Ky. App. 2013); *U.S. Bank Nat. Ass'n v. Tax Ease Lien Investments 1, LLC*, 356 S.W.3d 770, 772 (Ky. App. 2011). *KLAS Properties* makes this clear when that Court stated, "[c]learly, KRS 134.420 affords all *ad valorem* tax liens equal priority." *KLAS Properties*, 407 S.W.3d at 567.

The next question we must answer is what to do when the proceeds of the judicial sale do not fully satisfy the liens on the property? *KLAS Properties* and *U.S. Bank Nat. Ass'n* also give us that answer. Those cases indicate that Apex, the Smiths, and Clay County are entitled to a pro rata share of the proceeds of the judicial sale. *KLAS Properties*, 407 S.W.3d at 567; *U.S. Bank Nat. Ass'n*, 356 S.W.3d at 772.

## **CONCLUSION**

Based on the foregoing, we reverse and remand for further proceedings. Apex, the Smiths, and Clay County are on equal footing when it comes to the liens in this case. No party has priority over the others when it comes to the proceeds of the sale. On remand, the trial court shall award the parties to this case their pro rata share of the proceeds of the sale.

ALL CONCUR.

BRIEFS FOR APPELLANT:

John M. Lally
Louisville, Kentucky

BRIEF FOR APPELLEES KEITH
SMITH AND JESSICA SMITH:

Stella B. House
Manchester, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH OF
KENTUCKY – CLAY COUNTY:

Mariah J. Aubrey
Assistant Clay County Attorney
Manchester, Kentucky